IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.Z. MARTIN,

      Plaintiff,                          No. CIV S-04-2360 MCE CMK P

      vs.

EDWARD ALMEIDA, et al.,

      Defendants.

_____/      ORDER

      Plaintiff is proceeding without counsel and in forma pauperis in this civil rights action. Plaintiff alleges that his rights under the Americans with Disabilities act and his rights under the Eighth Amendment were violated when defendants refused to provide him with a double mattress. By order filed January 4, 2004, the court granted plaintiff's motion to file an amended complaint, and by order filed January 6, 2004, the court found that the amended complaint stated a cognizable claim against defendants Almeida, Carey, and Stocker.

      In his amended complaint plaintiff stated that he was suing each defendant in his individual capacity; however plaintiff also stated that he "will seek to amend the complaint to add the current director [of the Department of Corrections and Rehabilitation] as necessary." (Am. Compl. at 1:6-8.) The court liberally construed the pleading in the light most

favorable to the plaintiff, and resolved all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Thus,  the court assumed that despite statements in his amended complaint that he was suing each defendant in his individual capacity, plaintiff intended to sue all defendants in their individual and in their official capacities.

In an order filed November 1, 2006, the court ordered service on defendant Tilton, who was substituted for defendant Almeida, defendant Carey, and defendant Stocker.[1]  On January 31, 2007, plaintiff filed a "Motion to Vacate Scheduling Order And Relief From Error Of The Court."  In this filing he states that his amended complaint "clearly sues defendants Edward Almeida, Tom L. Carey, Captain J. Stocker, et al., in their individual capacities...for Eighth Amendment violations" (Doc. 50 at 1:20-22.) He further states that "the court erroneously has substituted Jeanne Woodford and now James Tilton as defendants."

The court understands plaintiff to assert that he is suing defendants in their official capacities only.  Individual defendants may not be sued in their individual capacities under Title II of the ADA;  they may be sued in their official capacities because suing an individual in his official capacity is treated the same as suing the entity itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also, e.g., Walker v. Snyder, 213 F.3d 344, 346 (7th Cir.2000) ("[A]s a rule there is no personal liability under Title II...").  Therefore, plaintiff does not state a cognizable ADA claim against defendants.

As plaintiff intended to sue defendants in their individual capacities only, the court will order that the clerk terminate JamesTilton from the list of defendants.  The court will order service on defendant Edward Almeida, Jr., who is sued in his individual capacity.  The court declines to make any change to the scheduling order at this time; however, depending on how quickly defendant Almeida is served, the court may make adjustments at a later date.

---

[1] Due to a mistake, the original complaint was served on defendants.  After realizing the mishap, the court ordered the operative amended complaint served on defendants on November 1, 2006.

IT IS ORDERED that:

1. Plaintiff's motion (doc. 50) is granted in part and denied in part.

2. Plaintiff's motion is granted to the extent that the court finds that service is appropriate for defendant Edward Almeida, Jr., as plaintiff states a cognizable eighth amendment claim against him.

3. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed December 20, 2004.

5. **Within fifteen days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 2 above; and

    d. two copies of the endorsed complaint filed December 20, 2004.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

///
///
///
///
///
///
///
///

3

1          7. In light of plaintiff's assertions in his motion that he is suing defendants in their individual capacities, the court finds that defendant has failed to state a cognizable ADA claim against defendants.

          8. Plaintiff's motion (doc. 50.) is denied to the extent that he seeks relief from the scheduling order.

DATED:   February 13, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11           Plaintiff,                   No. CIV S-04-2360 MCE CMK P
12     vs.
13                                        NOTICE OF SUBMISSION
14           Defendants.                      OF DOCUMENTS
15  _____/
16           Plaintiff hereby submits the following documents in compliance with the court's
17  order filed _____:
18           ____      completed summons form
19           ____      completed USM-285 forms
20           ____      copies of the _____
                                   Complaint/Amended Complaint
21  DATED:
22
23                                        _____
                                                      Plaintiff
24
25
26
```