IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLANDO MARTIN,

      Plaintiff,                    Case No. 2:04-cv-02360 ALA (P)

      vs.

JAMES E. TILTON, et al.,

      Defendants.           ORDER

///

      Plaintiff Orlando Martin is a state prisoner proceeding *pro se* and *in forma pauperis* with an action filed pursuant to 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment. On March 21, 2008, Defendant Marlene Holiday and Defendant Doctor S.O. Obedoza filed a Motion to Dismiss the Amended Complaint on the grounds that Mr. Martin has failed to state a claim upon which relief can be granted.[1] (Doc. No. 79). Mr. Martin has filed a timely opposition to the motion. For the reasons set forth below, the Motion to Dismiss is granted and Ms. Holiday and Dr. Obedoza are dismissed from the case.

---

[1] The other named defendants have not moved to dismiss the Amended Complaint.

1

**I**

On February 20, 2007, Mr. Martin filed an Amended Complaint against Ms. Holiday, Dr. Obedoza, and six other defendants, for deliberate indifference to his serious medical needs in violation of his Eighth Amendment constitutional rights.  The gravamen of Mr. Martin's complaint is that Defendants ignored his serious medical needs by failing to provide him with a double mattress.

Specifically, Mr. Martin claims that he has been "totally physically disabled [] since 1993."  Am. Compl. at 12:13.  On February 22, 2002, while he was incarcerated at Salinas Valley State Prison, he was issued a "chrono" (medical order) for a double mattress.  Am. Compl., Ex. B.  This order was limited to one year.  *Id.*

On July 18, 2002, before the expiration of the medical order, Mr. Martin was transferred to California State Prison - Solano ("CSP-Solano").  Mr. Martin alleges that his "formal request to have his double mattress chrono honored and renewed by medical staff upon his transfer to CSP Solano was denied."  Am. Compl. at 12:24-26.

On May 15, 2003, Mr. Martin submitted an administrative appeal claiming that the doctors at CSP-Solano refused to "renew" his medical order for a double mattress.  Am. Compl., Ex. C. at 2.  Ms. Holiday was the "Medical Appeal Analyst" that reviewed his request.  *Id.* at 8.  Mr. Martin alleges that Ms. Holiday "denied plaintiff's 602 appeal at the informal level because Defendant Marlene Holiday diagnosed plaintiff's medical condition as not meeting the criteria for double mattresses pursuant to a CSP Solano policy."  Am. Compl. at 13:8.  CSP-Solano's policy, implemented in 1999 by Dr. Geenhough, the Chief Physician and Surgeon at that time, only allows double mattresses for "Grade 1 or higher level pressure sores, complications of pressure sores, and related conditions."  Am. Compl., Ex. C at 11.

Mr. Martin pursued his administrative appeal to the "First Level Appeal."  On July 9, 2003, Dr. Obedoza denied Mr. Martin's request for the "renewal of a double mattress chrono."  *Id.*  Dr. Obedoza explained his "findings:"

> Results of the inquiry revealed although you previously had a double mattress chrono while at Salinas Valley State Prison during the year of 2002, your request for a double mattress chrono is denied. As explained to you, double mattress chronos are only issued to those with Grade 1 or higher level pressure sores . . . your condition did not meet the criteria.

*Id.*

Mr. Martin also alleges that Ms. Holiday and Dr. Obedoza had supervisory responsibility over the other Defendants and failed to correct their errors when they determined that Mr. Martin was not entitled to renew his medical order for a double mattress.

**II**

**A**

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all factual allegations set forth in the complaint are "taken as true." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

**B**

Ms. Holiday and Dr. Obedoza move for dismissal of the Amended Complaint "on the grounds that their actions in reviewing and responding to Plaintiff's appeal, did not cause his claimed injuries." Mr. Martin argues that they deliberately ignored his serious medical needs by denying his administrative appeal in which he sought to renew his expired medical order for a double mattress.

"The government has an obligation under the Eighth Amendment to provide medical care

3

for those whom it punishes by incarceration." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). However, "not every breach of that duty is of constitutional proportions." *Id.* To establish a claim that inadequate medical care constitutes cruel and unusual punishment, the mistreatment must rise to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "'Prison officials are indifferent to prisoners' serious medical needs when they deny, delay, or intentionally interfere with medical treatment . . . .'" *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted). The prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

Inmates have no legitimate claim of entitlement to a prison grievance procedure. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). However, in some cases, denial of appeals is sufficient to establish supervisory liability and a constitutional violation. *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992). In *Hamilton*, the prisoner's prior treating surgeon wrote a letter to prison officials stating that the prisoner could not travel by air to be transferred to another prison because of recent ear surgery. However, another doctor, who had not physically examined the prisoner, wrote a letter that he believed that the "*normal* procedure following the operation . . . would be to allow the patient to fly." *Id.* at 1067 (emphasis in original). Relying on the second doctor's letter, the prison officials ordered the prisoner to be transferred to another prison via plane. The plane trip allegedly caused the prisoner ear damage. In upholding the district court's decision to deny the prison officials' claim for qualified immunity on summary judgment, the Ninth Circuit explained:

> The prison officials forced Hamilton to fly in contravention of his treating physician's specific orders and in total disregard for Hamilton's past experience with ear pain and injury when flying.

4

> By choosing to rely upon a medical opinion which a reasonable person would likely determine to be inferior, the prison officials took actions which may have amounted to the denial of medical treatment, and the "unnecessary and wanton infliction of pain."

*Id.* (internal citations omitted).

This case is distinguishable from *Hamilton.* Mr. Martin's prior treating physician ordered that Mr. Martin have a double mattress for one year. That order expired on February 22, 2003. Mr. Martin's treating physicians at CSP-Solano examined him and determined that the medical order for a double mattress should not be renewed. In denying Mr. Martin's May 15, 2003, administrative appeal, Ms. Holiday and Dr. Obedoza did not approve decisions that were in "contravention of his treating physician's specific orders." *Hamilton*, 981 F.2d at 1067. Mr. Martin has failed to allege that either Ms. Holiday or Dr. Obedoza knew of and disregarded excessive risk to his health. Therefore, Mr. Martin has failed to demonstrate that they were deliberately indifferent to his medical needs. *Farmer, 511 U.S. at 837; see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (holding that deliberate indifference cannot be shown where there is merely a disagreement about the course of medical treatment that should be provided).[2]

Moreover, Mr. Martin has failed to link Ms. Holiday's and Dr. Obedoza's actions to the claimed constitutional deprivation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant."). Since 1999, CSP-Solano's policy limited authorization of double mattresses to specific medical conditions. Am. Compl., Ex. C at 11. Ms. Holiday and Dr. Obedoza were

---

[2] The only issue before Ms. Holiday and Dr. Obedoza on administrative appeal was whether Mr. Martin's treating physicians at CSP-Solano erred in not "*renew[ing]*" his medical order for a double mattress. Am. Compl., Ex. C (emphasis added). In his administrative appeal, Mr. Martin did not argue that his treating physicians at CSP-Solano ignored the medical order from July 18, 2002, the date he was transferred to CSP-Solano, to February 22, 2003, the date the medical order expired. *See, e.g., Hamilton*, 981 F.2d at 1066 (holding that there may be a claim where "prison officials and doctors deliberately ignore[] the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner").

merely implementing this policy. Mr. Martin has not alleged that they were responsible for the creation of this policy, or that they were responsible for the diagnosis of his medical condition which excluded him from being eligible to have a double mattress under the policy. Thus, their sole involvement was in reviewing and responding to Mr. Martin's administrative appeal, after his current doctors at CPS had already decided that he would not be issued a double mattress. Mr. Martin has cited no authority to support his contention that they were required to go against CSP-Solano's policy.

Mr. Martin claims that it is a "falsehood" that double mattresses were not authorized for medical conditions that were not listed in the 1999 policy. Attached as exhibits to his Amended Complaint are medical orders issued for two other inmates who allegedly were authorized to have double mattresses for back pain. Am. Compl., Ex. C at 12, 13. Mr. Martin relies on *Ware v. Jackson County*, 150 F.3d 873 (8th Cir. 1998), for the proposition that if a prison policy is not strictly followed, it cannot be enforced at all. *Ware* held, however, that where there is evidence of a persistent pattern of sexual misconduct, a written policy against it is no defense. *Id.* at 881-82. Such a holding is inapposite to Mr. Martin's claim. Moreover, Mr. Martin has failed to set forth any allegations that link either Ms. Holiday or Dr. Obedoza to the medical diagnosis or administrative appeals of the other two inmates who were allegedly authorized to have double mattresses. Thus, Mr. Martin has failed to state a claim against Ms. Holiday or Dr. Obedoza. *Taylor*, 880 F.2d at 1045.

Accordingly, it is hereby ORDERED that:

1. Ms. Holiday's and Dr. Obedoza's Motion to Dismiss the Amended Complaint is GRANTED (Doc. No. 79). Ms. Holiday and Dr. Obedoza are dismissed from the case.

DATED: May 19, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation